UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-80070-CIV-RYSKAMP/VITUNAC

RICHARD D. COHEN,

    Plaintiff,

v.

WORLD OMNI FINANCIAL CORP.,

    Defendant.
_____/

**ORDER DENYING MOTION TO DISMISS AMENDED COMPLAINT**

THIS CAUSE comes before Court pursuant to the Defendant World Omni Financial Corporation's ("World Omni") Motion to Dismiss Plaintiff's First Amended Complaint With Prejudice, filed June 8, 2009 **[DE 69]**. Plaintiff Richard D. Cohen ("Cohen") responded on June 23, 2009 **[DE 71]**. World Omni replied on July 6, 2009 **[DE 75]**. This motion is ripe for adjudication.

Cohen previously lived in New York State, where he leased a car. The lessor's interest in the lease was assigned to World Omni. Pursuant to New York State law requiring sales tax prepayment at the inception of the lease, Cohen immediately paid to World Omni all sales tax due for the term of the 36 month lease. Cohen then moved to Florida with the leased car. Florida law requires monthly payments of a use tax along with monthly lease payments. Accordingly, World Omni sought to collect a use tax for each of the remaining monthly lease payments. Cohen paid the Florida use tax from June of 1996 to September of 1997, after which he refused to do so due to previously having paid sales tax in New York. Cohen applied a "set-off" equal to the amount of Florida use tax paid to his remaining lease payments.

World Omni declared the lease in default based on Cohen's refusal to continue paying the Florida use tax, repossessed the car, and sued Cohen in Florida state court for damages stemming from his breach of the lease.  Cohen answered, admitting nonpayment, but counterclaiming that World Omni breached the lease and libeled him.  In defense of the breach claim, Cohen argued that World Omni's collecting the Florida use tax without applying a credit for the previously paid New York sales tax violated the Commerce Clause.  World Omni moved for summary judgment on Cohen's counterclaim.

The state county court awarded World Omni summary judgment on the issue of liability based on Cohen's nonpayment and did not address the Commerce Clause argument.  After a jury trial on the issue of damages, Cohen was ordered to pay a money judgment.

Cohen appealed the judgment to the state circuit court, appellate division, again raising his Commerce Clause defense.  The court <u>per curiam</u> affirmed the judgment without a written opinion.  Cohen petitioned for writ of certiorari to the state District Court of Appeal, again raising his Commerce Clause defense.  The state District Court of Appeal denied certiorari without a written opinion.  The United States Supreme Court denied Cohen's petition without written opinion.  In 2005, Cohen paid the money judgment and all associated attorneys' fees.

Cohen then filed a 42 U.S.C. § 1983 complaint in this Court, alleging that World Omni violated his rights under the Commerce Clause.  Cohen conceded that he had raised the Commerce Clause argument in Florida state court.  This Court awarded summary judgment in favor of World Omni on the grounds that the action was barred by the doctrine of res judicata.  Cohen argued that res judicata did not bar litigation of his Commerce Clause argument in this Court because the Florida state courts did not address the argument on its merits.  This Court

3

deemed it irrelevant that the state courts had not considered the merits of the Commerce Clause argument, reasoning that the doctrine of res judicata applied to all claims that could have been raised in the prior action, regardless of whether they were actually raised.  The Court granted World Omni's motion for attorneys' fees pursuant to Fed. R. Civ. P. 54(d) and 42 U.S.C. § 1988(b), reasoning that World Omni was the prevailing party and that the § 1983 complaint was frivolous in that Cohen had unsuccessfully raised the Commerce Clause issue multiple times in the state courts.

Cohen appealed both the award of summary judgment and the award of attorneys' fees.  Cohen argued that this Court erred in granting summary judgment on res judicata grounds because none of the state courts addressed his Commerce Clause argument and that the award of attorneys' fees was an abuse of discretion.  The Eleventh Circuit vacated and remanded this matter, directing this Court to inquire whether it has subject matter jurisdiction over the 42 U.S.C. § 1983 complaint pursuant to the Rooker-Feldman doctrine.  See Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16, 44 S.Ct. 149, 150 (1923); see also District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476, 13 S.Ct. 1303, 1311 (1983).

This Court then ruled that it has subject manner jurisdiction over the 42 U.S.C. § 1983 complaint pursuant to the Rooker-Feldman doctrine because the Florida state court did not address Cohen's Commerce Clause argument.  This Court then held that the doctrines of res judicata and collateral estoppel did not bar Cohen's Commerce Clause claim.  Accordingly, this Court then turned to adjudication of the original motion to dismiss.

Therein, World Omni argued that Cohen's invocation of 42 U.S.C. § 1983 does not obviate the fact that his claim amounts to constitutional challenge of Fla. Stat. § 212.06, which it

claims is impermissible under the Federal Tax Injunction Act, 28 U.S.C. § 1341. Accordingly, World Omni submitted that this Court lacked jurisdiction to decide this action. This Court ruled that since Cohen had not received adjudication of his Commerce Clause issue from a court in the State of Florida, the Tax Injunction Act did not deprive the Court of jurisdiction over this matter.

The Court then turned to the task of reviewing the motion to dismiss the Complaint. On May 26, 2009, the Court granted the motion to dismiss but allowed Cohen leave to amend. The Court now turns to the motion to dismiss the Amended Complaint.

## II.  LEGAL STANDARD

Rule 8(a) of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." When examining a motion to dismiss, this Court considers whether the plaintiff has alleged facts sufficient to state a claim for relief. When considering a motion to dismiss, the court must accept the well pleaded facts in the complaint as true and construe them in the light most favorable to the plaintiff. Beck v. Deloitte & Touche, 144 F.3d 732, 735 (11th Cir. 1998). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" Bell Atlantic Corp.v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)(citing Conley v. Gibson, 355 U.S. 41, 47, 78, S.Ct. 99, 103 (1957)), a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic, 550 U.S. at 555, 127 S.Ct. at 1964-65 (citing Papasan v. Allain, 478 U.S. 265, 268, 106 S.Ct. 932, (1986)). "Factual allegations must be enough to raise a right to relief above the

speculative level... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). A court should only grant a motion to dismiss for failure to state a claim "when the movant demonstrates 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Harper v. Blockbuster Entn't Corp., 139 F.3d 1385, 1387 (11th Cir. 1998) (quoting Conley, 355 U.S. at 45-46)).

The Eleventh Circuit disallowed conclusory pleading even before the Supreme Court's 2007 Bell Atlantic decision. See Davidson v. State of Ga., 622 F.2d 895, 897 (5th Cir. 1980). ("When the allegations contained in a complaint are wholly conclusory...and fail to set forth facts which, if proved, would warrant the relief sought, it is proper to dismiss for failure to state a claim.")[1]

## II.   DISCUSSION

The Court's Order on the motion to dismiss the Complaint explained that to state a cause of action under 42 U.S.C. § 1983, two essential elements must be present: the person engaged in the allegedly objectionable conduct must do so while acting under the color of state law, and the alleged conduct must deprive a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States. See Schwier v. Cox, 340 F.3d 1284, 1290 (11th Cir. 2003); Duke v. Massey, 87 F.3d 1226, 1231 (11th Cir. 1996).

The first element is satisfied where

> (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ("State compulsion test");
> (2) the private parties performed a public function that was

---

[1] Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) made binding on the Eleventh Circuit all decisions of the Fifth Circuit decided prior to September 30, 1981.

>traditionally the exclusive prerogative of the State ("public function test"); or (3) "the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise[]" ("nexus/joint action test").

Rayburn v. Hope, 241 F.3d 1341, 1347 (11th Cir. 2001) (citing NBC, Inc. v. Communications Workers of America, 860 F.2d 1022, 1026-27 (11th Cir. 1998)).

The Court previously determined that the Complaint failed the "state compulsion test" because Cohen failed to establish that Florida coerced or encouraged World Omni to collect the tax. "The state compulsion test limits state action to instances where the government has coerced or at least significantly encouraged the action alleged to violate the Constitution." Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1277 (11th Cir. 2003)(quoting Willis v. Univ. Health Servs., Inc., 993 F.2d 837, 840 (11th Cir. 1993)).

In the initial complaint, Cohen alleged that World Omni received State encouragement from policy directives set forth in various Technical Assistance Advisements ("TAA") issued by the Florida Department of Revenue that directed licensed dealers, such as World Omni, to collect Florida Sales and Use Tax from Cohen. The Court noted that the TAA was issued by the Florida Department of Revenue five years after World Omni collected the Florida Sales and Use Tax from Cohen. Given the timing of the TAA, it could not be said that the State coerced or encouraged World Omni to collect the tax.

The Amended Complaint alleges that the policy directives "which were subsequently incorporated in various [TAAs] issued by the Department," were in effect at the time World Omni collected the tax from Cohen. World Omni maintains that Cohen has not alleged how

these policies coerced or encouraged World Omni to violate the Constitution and claims that even if the policy directive existed prior to issuance of the TAA, such does not mean that Florida "coerced" or "significantly encouraged" World Omni to collect the tax. World Omni offers no authority for this proposition, however. If World Omni was indeed collecting the tax pursuant to a state policy directive, the Court cannot say that the State did not "significantly encourage" the collection of the tax. The Court therefore finds that the Amended Complaint satisfies the "state compulsion" prong of the state action test.

As to the public function test, the initial Complaint alleged that World Omni was performing a governmental function in collecting the Florida's Sales and Use Tax and therefore was acting under color of law within the meaning of 42 U.S.C. § 1983. The Court noted immediately that this allegation was conclusory and therefore insufficient. Furthermore, the Court also noted that the State of Florida had not delegated its taxing authority to World Omni; World Omni merely collected taxes imposed by the State of Florida. Such delegation does not transform World Omni into a state actor. See Hadges v. Yonkers Racing Corp., 918 F.2d 1079, 1082 (2d Cir. 1990) (no state action where race track collected tax on the missions on behalf of the state); O'Hanlon v. City of Chester, Nos. CIV.A. 00-0664, CIV.A. 00-5617, 2002 WL 393122, at *4-*7 (E.D. Pa. 2002) (attorney who collected real estate taxes was not state actor for purposes of section 1983).

The Amended Complaint fares no better. Rather than clean up his pleading deficiencies, Cohen merely argues that Hadges and O'Hanlon are not controlling. The Court has already reviewed these cases and found that they do not support the notion that tax collection in an of itself by a private entity transforms said entity into a state actor.

The Complaint contained no allegations concerning joint participation in an enterprise between World Omni and the State. Likewise, the Amended Complaint contains no allegations that World Omni and Florida are acting in concert to collect the tax in question.

The Complaint failed to allege that World Omni's conduct constituted an "official policy" or "custom." See Monell v. Dept. of Social Services, 436 U.S. 658, 694, 98 S.Ct. 2018, 2038-39 (1978) (municipal corporations not liable under section 1983 unless a constitutional tort results from official policy or custom). See also Buckner v. Toro, 116 F.3d 450, 453 (11th Cir. 1997) (extending application of Monell to private companies performing traditional public functions). The Amended Complaint's allegations in this regard are also lacking. Specifically, Cohen maintains that

> because World Omni held the belief that it had no choice but to collect Florida Sales and Use Tax from interstate lessees even though they had previously paid sales tax to another state for their full lease terms, World Omni made it its practice to collect Florida Sales and Use Tax from interstate lessees. World Omni's conduct reflected a practice so embedded so as to constitute a *de facto* policy within the meaning of Monell...and its progeny.

This conclusory allegation of a *de facto* policy is insufficient to allege that collection of the use tax was an official policy or custom.

Cohen also argues in his Amended Complaint that World Omni's maintaining the state court action constituted state action "under the color of law." The initiation of a civil action, in and of itself, is not sufficient to establish state action. See Eidson v. Arenas, 837 F.Supp. 1158, 1161 (M.D. Fla. 1994) (party does not act under color of state law merely by resorting to the

courts and prevailing in the action absent "some corruption of judicial power by the private litigant")(citations omitted).

World Omni's motion to dismiss the Amended Complaint does not address whether the alleged conduct deprived Cohen of rights, privileges, or immunities granted under Constitution or the laws of the United States.

World Omni also requests that the Court impose sanctions on Cohen pursuant to Fed.R.Civ.P. 11. World Omni has failed to file a separate motion toward that end, however. See Fed.R.Civ.P. 11(c)(2). World Omni has also not informed the Court as to whether, if such a separate motion exists, it served the motion on Cohen within the 21 day safe harbor period. See id. Accordingly, the motion for Rule 11 sanctions is denied.

### IV. CONCLUSION

THE COURT, having considered the motion and being otherwise fully advised, hereby

ORDERS AND ADJUDGES that the Motion to Dismiss the Amended Complaint is DENIED.

DONE AND ORDERED at Chambers in West Palm Beach, Florida this 5th day of October, 2009.

                                            S/Kenneth L. Ryskamp
                                            KENNETH L. RYSKAMP
                                            UNITED STATES DISTRICT JUDGE